IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY CAPWELL                                                                    PLAINTIFF

v.                                          NO. 13-5237

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Timothy Capwell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on June 17, 2010, alleging an inability to work since May 1, 2009, due to a neck and shoulder injury, migraine headaches, anxiety, depression, and carpel tunnel in the right arm. (Tr. 123, 127, 149). An administrative hearing was held on February 21, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-63).

By written decision dated April 10, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

Specifically, the ALJ found Plaintiff had the following severe impairments: schizoaffective disorder and borderline personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The range of light work is limited to no repetitive use of the right upper extremity above chest height or overhead; the individual can understand, remember and carry out simple instructions where the complexity of tasks is learned and performed by rote repetition with few variables; although the individual can make judgments on simple work related decisions, the exercise of judgment must be minimal. In addition, the individual can interact with supervisors and co-workers in a work setting where interpersonal contact is incidental to the work performed, and required supervision is simple, direct and concrete (unskilled), but the individual should have no interaction with the general public. The claimant can also respond to usual work situations and to changes in a routine work setting.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a merchandise marker, a silver wrapper, and a torch solderer. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 19, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 12; Doc. 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

AO72A
(Rev. 8/82)

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform light work with limitations. While the Court finds substantial evidence to support the ALJ's determination regarding Plaintiff's mental impairments and his mental RFC, after reviewing the entire record the Court cannot say the same about Plaintiff's alleged physical impairments.  A review of the medical evidence revealed that Plaintiff sought sporadic treatment for neck pain following an on-the-job injury in November of 2008.  While most of the medical evidence appears to indicate Plaintiff had rather mild limitations and appeared to take too much of his pain medication, more recent medical evidence revealed Plaintiff was involved in a motor vehicle accident that allegedly exacerbated Plaintiff's alleged neck and arm pain.  (Tr. 423-426).   On March 22, 2012, Plaintiff was seen by Dr. Cheng L. Soo with complaints of pain in his neck, right arm, low back and right leg, after being involved in a motor vehicle accident on March 3, 2012.  After examining Plaintiff, Dr. Soo recommended Plaintiff undergo MRIs of the lumbar and cervical spine to better evaluate the cause of Plaintiff's pain and weakness.  As the record is void of any medical source statement from either an examining or non-examining medical professional opining as to Plaintiff's physical capabilities during the relevant time period, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective

AO72A
(Rev. 8/82)

basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV. Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of January, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE